# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO ADVISORS, LLC,<br><br>                                    Petitioner,<br><br>v.<br><br>KATIE REBECCA BLANDO,<br><br>                                    Respondent. | Case No.:  21-CV-844-GPC-BLM<br><br>**ORDER CONFIRMING ARBITRATION AWARD**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Wells Fargo Advisors, LLC's Petition to Confirm Arbitration Award against Respondent Katie Rebecca Blando. ECF No. 1. On June 4, 2021, Petitioner filed a Declaration and Affidavit stating that Respondent was personally served with the Petition. ECF No. 6. On July 2, 2021, the Court ordered that Respondent's response in opposition to the Petition was due on August 13, 2021, and Petitioner's reply was due on September 3, 2021. ECF No. 7. To date, Respondent has not filed any response in opposition to the Petition.

For the following reasons, the Court **GRANTS** Petitioner's motion. Further, the Court finds this motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1 (d)(1) and **VACATES** the hearing on this matter.

**Factual and Procedural Background**

Petitioner Wells Fargo[1] and Respondent Katie Rebecca Blando entered into a valid and enforceable Confidential Settlement Agreement and General Release ("Agreement") on June 29, 2015. ECF No. 1-2 at 11; *see also* ECF No. 1 at 3. In the intervening years, Respondent failed to pay the balance she owed Petitioner by the terms of the Settlement Agreement, thus defaulting on the Agreement. The Agreement provides that "[i]n the event of default, Blando stipulates to an award equal to the balance owing on the payments in paragraph 2. Upon default, Wells Fargo may file a statement of claim and stipulated award with FINRA, and attach this settlement agreement thereto." ECF No. 1 at 2-3. Respondent also "agree[d] not to contest the confirmation of the FINRA award in state or federal court, after which the award shall be fully enforceable against Blando." *Id.* at 3. Wells Fargo filed its Statement of Claim with FINRA on July 15, 2020, beginning the process by which Wells Fargo could recover the balance Respondent owed per the terms of the Agreement. ECF No. 1-7, Crisp Decl. ¶ 6.

On March 2, 2021, the arbitration was conducted virtually over Zoom (due to the ongoing COVID-19 pandemic) before three Arbitrators.[2] ECF No. 1 at 4. Respondent did not enter an appearance at the arbitration. ECF No. 1-6, Ex. 5 at 2. However, because "all reasonable efforts were made to serve Respondent," the Arbitrators "determined that Respondent is, therefore, bound by the Panel's ruling and determination." *Id.* at 3. On March 26, 2021, the Arbitrators served the Arbitration

---

[1] As Petitioner explains in its motion, Wells Fargo Advisors, LLC changed its name to Wells Fargo Clearing Services in or around November 2016, after Petitioner and Respondent executed the Settlement Agreement. ECF No. 1 at 1 n.1. For simplicity, the Court uses "Wells Fargo" when referring to Petitioner.

[2] *See* ECF Nos. 1-3, 1-4, and 1-5 for Arbitrators Randall Christison, Kevin Forrester, and Gunnar Thowsen's Oath of Arbitrator and Disclosure Checklist forms.

Award finding that Respondent was liable to Wells Fargo for the sum of $127,500 in compensatory damages, 10% per annum interest on those damages, along with $1,150 in costs and $52,790.40 in attorneys' fees.  ECF No. 1 at 4; ECF No. 1-6, Ex. 5.

Petitioner has asked this Court to confirm the Arbitration Award that was decided upon in the March 2021 arbitration.  ECF No. 1.

## Discussion

Federal courts have jurisdiction to confirm an arbitration award if the award meets either diversity or federal question requirements.  Here, Petitioner and Respondent are diverse because Wells Fargo is not a citizen of California and Respondent is a citizen of either California or Nevada,[3] and the award for which Petitioner seeks confirmation exceeds the $75,000 minimum requirement.  *See* 28 U.S.C. § 1332.

The Federal Arbitration Act ("FAA") requires federal judges to recognize the enforceability of an award issued under the FAA's authority.  *See Southland Corp. v. Keating*, 465 U.S. 1, 12 (holding that section two of the FAA applies in state and federal courts).  The effect of the district court's order confirming the award is that upon issuing the order, the court converts the Award into a judgment.  The Supreme Court held in *Southland* that the FAA established a "broad principle of enforceability." *Id.* at 11.

Under the FAA, "any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award." 9 U.S.C. § 9. At that time "the court ***must*** grant such an order unless the award is vacated, modified, or corrected." *Id.*  Section 9 also requires that notice of the application be served upon the adverse party. 9 U.S.C. §9.

Petitioner filed its motion on April 30, 2021, well within one year of the March 26, 2021 Award.  ECF No. 1.  The instant motion to confirm the award is timely under the

---

[3] *See* ECF No. 1-8, Crisp Decl., Ex. A.

FAA.  *See* 9 U.S.C. § 9.  After a lengthy search, Petitioner was able to personally serve Respondent with notice of the motion to confirm the Award, fulfilling the FAA's personal service requirement.  ECF No. 6.

## Conclusion

Nothing in the record suggests that Petitioner has failed to satisfy the requirements for seeking confirmation of an arbitration award.  Petitioner is therefore entitled to this Court's confirmation of the award.  The Court GRANTS Petitioner's motion to compel the Award, and hereby converts the Arbitrators' Award into an enforceable judgment.

**IT IS SO ORDERED.**

Dated:  October 6, 2021

Hon. Gonzalo P. Curiel
United States District Judge